**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 19, 2006[*]
Decided July 20, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

No. 05-2534

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04 CR 680 |
| FUAD ABU GHOSH, *Defendant-Appellant.* | Rebecca R. Pallmeyer, *Judge.* |

**O R D E R**

Fuad Abu Ghosh appeals the sentences imposed on his guilty pleas to mail fraud, 18 U.S.C. § 1341, wire fraud, *id.* § 1343, making a false statement to a financial institution, *id.* § 1014, and credit card fraud, *id.* § 1029(a)(2).  He argues here for the first time that the district court used the wrong version of the sentencing guidelines to calculate his imprisonment range, and failed to set a

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

payment schedule for restitution.  The government concedes that these errors warrant a remand for resentencing.

Abu Ghosh misrepresented himself as an employee of the former Immigration and Naturalization Service.  He defrauded several immigrants by soliciting cash for filing fees or his help in preparing and submitting citizenship or residency applications and using the money for rent and other personal expenses.  On one occasion he accepted a television in return for his purported services, though he did nothing in return.  Abu Ghosh also identified his employer as the INS or the Department of Justice in opening bank accounts and applying for credit cards and loans.  He defaulted on two credit cards and an automobile loan, and overdrew a checking account before authorities intervened.

The probation officer prepared the presentence report using the November 2000 edition of the Guidelines Manual (the version in effect when the fraud schemes ended) because that edition was viewed as more favorable to Abu Ghosh than the edition in effect at the time of sentencing.  *See* U.S.S.G. § 1B1.11(a), (b).  In fact it was not.  The 2000 edition yielded an imprisonment range of 18 to 24 months; the November 2004 Guidelines Manual, which was in effect when Abu Ghosh was sentenced, would have yielded a range of 15 to 21 months.  But Abu Ghosh did not object to the use of the older manual, and the district court adopted the probation officer's 2000-edition calculations.  The court sentenced Abu Ghosh to a total of 21 months' imprisonment and four years' supervised release, and ordered him to pay restitution of $20,953 immediately.

We accept the government's concession that the district court committed plain error, *see* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 734 (1993), by using the 2000 edition of the guidelines.  Section 1B1.11 is explicit that district courts are to "use the Guidelines Manual in effect on the date that the defendant is sentenced" unless to do so "would violate" the Ex Post Facto Clause of the Constitution.  U.S.S.G. § 1B1.11(a), (b)(1).  As it turns out there existed no potential for a violation of that clause, so the misapplication of the guidelines is clear.  *See United States v. Baretz*, 411 F.3d 867, 877 (7th Cir. 2005).  We recognize that the sentence imposed still falls within the properly calculated guidelines range, but we cannot tell from the district court's comments at sentencing to what degree its choice of 21 months turned on where that number fell within the advisory range.  Accordingly, we elect to exercise our discretion and remand for resentencing.  Abu Ghosh already has been released from prison, but he still can gain from resentencing because any reduction in prison time will result in a credit against his supervised release.  *See United States v. Larson*, 417 F.3d 741, 747 (7th Cir. 2005); *United States v. Trotter*, 270 F.3d 1150, 1152-53 (7th Cir. 2001).

On remand the district court must reassess whether Abu Ghosh is capable of making immediate restitution.  We note that the district court found, by adopting the probation officer's unchallenged factual representations, that Abu Ghosh had a negative net worth at the time of sentencing.  Unless there since has been a significant change in his financial situation, the court shall set a payment schedule for restitution.  *See* 18 U.S.C. §§ 3663A, 3664; *United States v. Day*, 418 F.3d 746, 761 (7th Cir. 2005).

The sentences are VACATED, and the case is REMANDED for resentencing.